# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NICHOLE HAWKINS, | No. 4:22-CV-00280 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| KEVIN JONES, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### OCTOBER 19, 2022

Plaintiff Nichole Hawkins is currently incarcerated at the State Correctional Institution in Cambridge Springs, Pennsylvania (SCI Cambridge Springs).  She filed the instant *pro se* Section 1983[1] action claiming constitutional violations and state-law torts based on events that occurred nearly two decades ago at a different prison.  Presently pending is Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b).  Because the statutes of limitations for Hawkins' various federal and state-law claims have long since expired, the Court is constrained to grant Defendants' motion.

---

[1]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.    BACKGROUND

Hawkins alleges that in 2002, she was sexually assaulted by defendant Kevin Jones, who was working as a correctional officer at SCI Muncy—the state prison where Hawkins was housed at that time.[2]  Hawkins reported the rape, and claims that defendants State Police Trooper Beth Wilson and "OPR Investigator" Richard Isenberg improperly investigated the assault and inhibited criminal charges from being brought against Jones.[3]  Hawkins further alleges that she was subjected to extensive retaliation by SCI Muncy prison officials by being placed in the Restrictive Housing Unit (RHU) for over 15 months until she recanted her assault allegations.[4]

Hawkins' complaint does not indicate what involvement defendants Dianne Lenig-Mushinski[5] and former SCI Muncy superintendent Martin Dragovich played in the alleged constitutional violations beyond participating in an "official cover-up."[6]  In her first motion for preliminary injunctive relief, she avers that Lenig-Mushinski was the security lieutenant at the time of the sexual assault.[7]  Hawkins alleges that Lenig-Mushinski threatened her, kept her in the RHU, forced her to

---

[2]    Doc. 1 at 4.
[3]    *Id.* at 7.
[4]    *Id.*; Doc. 1-6 at 2-3.
[5]    In her complaint, Hawkins identifies this defendant as Diane Lenig-Mulhunski, *see* Doc. 1 at 2, but then in her motion for injunctive relief spells the last name "Lenig-Mushinski," *see* Doc. 13-5 at 2.  Defense counsel has clarified that Defendant's first name is "Dianne" and her last name is "Lenig-Mushinski," *see* Doc. 25 at 1, so the Court will utilize this spelling.
[6]    Doc. 1 at 8.
[7]    Doc. 13-5 at 2.

recant her assault allegations, and—when Hawkins became pregnant from the rape—denied Hawkins outside medical treatment.[8]  As to Dragovich, Hawkins asserts that he "personally threatened and retaliated against" her for reporting the sexual assault.[9]

Although it is somewhat unclear from Hawkins' complaint, it appears that she eventually recanted the allegations against Jones to put an end to the retaliation, in particular being housed in isolation in the RHU.[10]  Following her coerced recantation, Hawkins alleges—in both her complaint and her first motion for preliminary injunctive relief—that she was wrongfully charged with filing a false police report and making a false written statement to authorities.[11]  Those charges were dismissed in 2002 or 2003 when the case was *nolle prossed* (or voluntarily withdrawn) by the county district attorney.[12]

In 2020, Hawkins filed an application for clemency with the Pennsylvania Board of Pardons.[13]  In an April 2020 letter, Hawkins was informed by her parole manager that she was required to list all the criminal offenses for which she had been charged ("both convictions and non-convictions") on her clemency

---

[8]   *Id.*
[9]   *Id.* at 3.
[10]   Doc. 1-6 at 3.
[11]   *See* Doc. 1 at 4; Doc. 13-4 at 7, 9; *Commonwealth v. Hawkins*, No. MJ-29303-CR-0000199-2002 (Lycoming Cnty. Magisterial Distr. Judge 29-3-03).
[12]   *See* Doc. 13-2 at 5; *Hawkins*, No. MJ-29303-CR-0000199-2002.
[13]   *See* Doc. 1 at 4; Doc. 1-2 at 2-4.

application.[14]  The parole manager then explained that, although she could not give

Hawkins a copy of her criminal record, she could use it to fill in the clemency

application and could add the 2002 false police report charges onto Hawkins'

application.[15]  Hawkins claims it was from this letter that she first learned that the

2002 charges that had been *nolle prossed* were "still a part of [her] criminal

record."[16]

Hawkins filed her federal complaint in February 2022.[17]  She appears to

assert the following cognizable federal and state-law claims: defamation,

intentional infliction of emotional distress, false arrest, retaliation, negligence, and

deliberate indifference to serious medical needs.[18]  She names as defendants Jones,

Wilson, Isenberg, Lenig-Mushinski, and Dragovich.

Defendants move to dismiss Hawkins' complaint,[19] primarily arguing that

the claims she raises are barred by the statute of limitations.  Defendants' Rule

12(b) motion is fully briefed and ripe for disposition.

---

[14]  *See* Doc. 1-2 at 2.
[15]  *See id.* at 2, 4.
[16]  Doc. 1 at 4.
[17]  Doc. 1.
[18]  In her complaint, Hawkins lists the following causes of action: "(1) Defamation of Character, (2) Intentional Infliction of Emotional Distress, (3) False Arrest, (4) Retaliation, (5) Harassment, (6) Abuse of Power, (7) Supervisory Aquiescence [sic], (8) Official Oppression, (9) Intentional Tort, (10) Negligent Tort, (11) Prima Facie Tort, (12) Quasi Tort, (13) Dignitary Tort, (14) Constitutional Tort, (15) Willful Infliction, (16) Deliberate Indifference, (17) Interference in a Criminal Investigation."  Doc. 1 at 4.  Although it is likely that Hawkins is trying to raise additional claims beyond the six identified by the Court, any additional tort claim would fail for the same reasons provided in this Memorandum.
[19]  Doc. 25.

## II.   STANDARD OF REVIEW

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[20]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[21]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[22]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[23]  At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[24]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[25]  Finally, the court must review the presumed-truthful allegations

---

[20]   *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).

[21]   *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

[22]   *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).

[23]   *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

[24]   *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).

[25]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"and then determine whether they plausibly give rise to an entitlement to relief."[26]

Deciding plausibility is a "context-specific task that requires the reviewing court to

draw on its judicial experience and common sense."[27]

Because Hawkins proceeds *pro se*, her pleadings are to be liberally

construed and her complaint, "however inartfully pleaded, must be held to less

stringent standards than formal pleadings drafted by lawyers[.]"[28]

## III.   DISCUSSION

Defendants assert that (1) Hawkins' claims are barred by the applicable

statutes of limitations; (2) the claims against Wilson fail substantively as a matter

of law; and (3) the state-law claims are barred by state statutory sovereign

immunity.[29]  The Court need only address Defendants' first argument.  Hawkins

claims, while serious and troubling, are long since barred by their respective

statutes of limitations and cannot be saved by Pennsylvania's discovery rule.

### A.   Hawkins' Claims are Time-Barred

As best the Court can ascertain, Hawkins is raising Section 1983 claims

sounding in First Amendment retaliation and Eighth Amendment deliberate

indifference to serious medical needs.  She also asserts a bevy of state-law torts,

including defamation, intentional infliction of emotional distress, negligence, and

---

[26]   *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[27]   *Iqbal*, 556 U.S. at 681.
[28]   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).
[29]   Doc. 26 at 6.

false arrest.[30]  It is possible that Hawkins also desires to assert a state-law claim of

battery against Jones for the sexual assault and a malicious prosecution claim for

2002 criminal charges.  However, the Court need not compile an exhaustive list of

Hawkins' alleged constitutional and state-law torts because her claims—no matter

how they are framed—are plainly time-barred.

The statute of limitations for Section 1983 claims arising in Pennsylvania is

two years.[31]  Likewise, the statute of limitations for Pennsylvania negligent and

intentional torts is two years.[32]  Thus, all the causes of action identified or implied

by Hawkins' pleadings appear to have a two-year limitations period.

For the Section 1983 claims, that two-year period accrues (or begins to run)

when Hawkins, the plaintiff, "knew or should have known of the injury upon

which [her] action is based"[33] and "the last act needed to complete the tort

occurs."[34]  For the Pennsylvania tort claims, "a cause of action accrues when the

plaintiff could have first maintained the action to a successful conclusion" or, put

differently, "as soon as the right to institute and maintain a suit arises."[35]

---

[30]   Hawkins does not delineate whether her false arrest claim relies on state tort law or the Fourth
Amendment to the United States Constitution.  The Court need not make a determination on
this issue because, no matter whether the claim is based in state or federal law (or both), it is
barred by the statute of limitations.
[31]   *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009); 42 PA. CONS. STAT. ANN. § 5524(7).
[32]   *See* 42 PA. CONS. STAT. ANN. § 5524(1), (2), (7) (listing, *inter alia*, assault, battery, false
imprisonment, false arrest, malicious prosecution, negligence, and intentional torts as actions
that "must be commenced within two years").
[33]   *Sameric Corp. of Del. Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) (citation
omitted).
[34]   *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018).
[35]   *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005) (citations omitted).

Hawkins' causes of action accrued in 2002 or—at the latest—in 2003.  For example, immediately following the alleged rape, Hawkins's claims against Jones for battery or intentional infliction of emotional distress accrued.  Her retaliation claims against prison officials accrued when she was allegedly housed in the RHU as punishment for reporting the sexual assault.  Her claim of deliberate indifference to serious medical needs accrued when she was denied outside medical care for the resultant pregnancy.  Her false arrest claims accrued when she was formally charged in 2002 with making a false written statement and false police report.[36]  And, if Hawkins is asserting a malicious prosecution claim, that claim accrued when the charges were *nolle prossed* by the district attorney in 2002 or 2003.[37]

If Hawkins' two-year statutes of limitations for these claims began running in 2002 or 2003, they expired in 2004 or 2005.  Thus, any claim that Hawkins is now raising in her federal complaint is time-barred unless she can establish a basis for tolling the limitations period.

**B.    Discovery Rule Does Not Save Hawkins' Claims**

Hawkins, likely realizing that her claims are well out of time, argues in her complaint and response to Defendants' motion to dismiss that the discovery rule tolls the limitations periods for her claims.  Hawkins is incorrect.

---

[36]    *See Nguyen*, 906 F.3d at 273 (explaining that a false arrest claim accrues at the "moment when legal process justifies the detention, or, absent legal process, the moment of release").

[37]    *See McDonough v. Smith*, 588 U.S. __, 139 S. Ct. 2149, 2156-57 (2019) (explaining that a malicious prosecution claim accrues when criminal proceedings terminate in plaintiff's favor).

Under Pennsylvania law, the discovery rule tolls the statute of limitations during the time when an injured plaintiff, exercising reasonable diligence, is objectively unable to ascertain an injury and its cause.[38]  Stated differently, the discovery rule tolls the limitations period "until the injured party discovers or reasonably should discover that [she] has been injured and that [her] injury has been caused by another party's conduct."[39]  As the Pennsylvania Supreme Court has explained, "the purpose of the discovery rule has been to exclude from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware [she] has been injured, so that [the plaintiff] has essentially the same rights as those who have suffered such an injury."[40]

Hawkins argues that she was not aware that the withdrawn 2002 charges were still on her criminal record until she received her parole manager's April 2020 letter, and therefore the discovery rule tolls the statute of limitations for her tort claims.  Hawkins' argument is unsound for several reasons.

First, and most importantly, Hawkins knew or should have known that she had a complete cause of action for all her claims by 2003 at the very latest.  She was acutely aware of her injuries (alleged sexual assault, retaliation, inadequate medical care, defamation, false arrest, *etc.*) and who had caused those injuries.

---

[38]   *Fine*, 870 A.2d at 858-59.
[39]   *Id.* at 859.
[40]   *Id.* at 858.

Nothing in the April 2020 letter provided Hawkins with any new information about the torts or the tortfeasors, nor about her ability to sue to vindicate her federal and state rights.  Thus, by 2003, Hawkins had the right to institute and maintain a lawsuit for all the federal and state-law claims raised in the instant complaint.  Consequently, the applicable statutes of limitations accrued—at the very latest—in 2003, not in April 2020.

Second, Hawkins' grievance concerning the withdrawn charges still appearing on her criminal record is an entirely separate issue from the events underlying those allegedly false charges.  It seems that Hawkins desires the purportedly fabricated (and dismissed) charges to be *expunged* from her permanent record.  This is a completely different issue from seeking to sue Defendants for the constitutional and state-law torts allegedly inflicted on Hawkins nearly two decades ago.  For both reasons, the discovery rule does not operate to toll the statute of limitations for Hawkins' causes of action, and her complaint is unequivocally time-barred.

## C.    Leave to Amend

Generally, "*in forma pauperis* plaintiffs who file complaints subject to dismissal under Rule 12(b)(6) should receive leave to amend unless amendment would be inequitable or futile."[41]  Here, leave to amend would be futile.  Hawkins'

---

[41]   *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

claims are clearly time-barred, and she has failed to establish any basis for tolling the statute of limitations for any of her causes of action. Accordingly, dismissal will be with prejudice.

## IV.   CONCLUSION

The Court does not discount the seriousness of Hawkins' allegations. To the contrary, her claims are extremely troubling and appear to be raised in good faith.[42] Nevertheless, Hawkins' federal and state-law claims are long since barred by the applicable statutes of limitations. The Court is therefore constrained to grant Defendants' motion to dismiss (Doc. 25) under Federal Rule of Civil Procedure 12(b)(6). Dismissal of Hawkins' complaint will be with prejudice, as granting leave to amend would be futile. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[42]   *See* Doc. 1-1 (providing results of 2018 polygraph examination in which Hawkins credibly asserted that she was sexually assaulted by Jones, did not lie about the incident, and was telling the truth when she claimed that she had been forced to recant her rape allegations).